**SHNAYDER LAW LLC**
Erica L. Shnayder, Esq.
89 Headquarters Plaza N., Suite 1421
Morristown, NJ 07960
(973) 714-1515
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------X

SANDIE VINCENT,                                    Civil Action No.:

               Plaintiff,

      v.                                           **COMPLAINT**

THE ARBOR COMPANY, BLUE RIDGE SENIOR
HOUSING, LLC d/b/a ARBOR TERRACE ROSELAND,         **Jury Trial Demanded**
ROBERT FIORESE, and NANVE HARCHARAN,

               Defendants.

-----------------------------------------------------------------------X

Plaintiff Sandie Vincent, by way of Complaint against Defendants The Arbor Company, Blue

Ridge Senior Housing, LLC d/b/a Arbor Terrace Roseland, Robert Fiorese and Nanve Harcharan,

hereby alleges as follows:

## NATURE OF THE CASE

1.  Plaintiff brings this action against her former employer alleging violations of the Family and

    Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("LAD").

    Plaintiff alleges that Defendants terminated her on the basis of her pregnancy and in order to

    interfere with her ability to take FMLA qualified leave to care for and bond with her newborn

    child.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves a federal question under the FMLA, 29 U.S.C. § 2601 et seq.  This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the alleged unlawful employment practices, occurred in this district.

## PARTIES

4.  Plaintiff Sandie Vincent ("Plaintiff") is a female resident of the State of New Jersey, Union County and a former employee of The Arbor Company and Blue Ridge Senior Housing, LLC d/b/a Arbor Terrace Roseland.

5.  Defendant The Arbor Company is an Atlanta-based operator of independent living, assisted living and memory care communities for seniors.

6.  Defendant The Arbor Company owns and operates an assisted living facility called Arbor Terrace Roseland located at 345 Eagle Rock Ave, Roseland, NJ 07068 ("Arbor Terrace Roseland").

7.  Defendant Blue Ridge Senior Housing, LLC d/b/a Arbor Terrace Roseland is the management entity for Arbor Terrace Roseland.

8.  All times relevant herein, Defendant Robert Fiorese ("Fiorese") was and is the Executive Director for Arbor Terrace Roseland.

9. All times relevant herein, Defendant Nanve Harcharan ("Harcharan") was and is the Business Office Director/Human Resources personnel for Arbor Terrace Roseland.

10. Defendant The Arbor Company, Defendant Blue Ridge Senior Housing, LLC d/b/a Arbor Terrace Roseland, Defendant Fiorese, and Defendant Harcharan are also herein collectively referred to as "Defendants."

11. At all times material, Plaintiff was an eligible employee withing the meaning of the FMLA.

12. At all times material, The Arbor Company and Blue Ridge Senior Housing, LLC d/b/a Arbor Terrace Roseland were covered employers within the meaning of the FMLA.

## FACTUAL ALLEGATIONS

13. On or about November 27, 2018, Plaintiff began working as the Director of Memory Care at Arbor Terrace Roseland.

14. Plaintiff is a Registered Nurse (RN) and was responsible for overseeing nursing staff and certified medical assistants (CMAs) in the "Evergreen" memory care unit.

15. In or around April 2019, when Plaintiff was approaching the end of her first trimester, Plaintiff notified Defendant Fiorese that she was pregnant.

16. Throughout the course of her employment, Plaintiff performed her duties in a satisfactory manner.  Prior to notifying Defendant Fiorese of her pregnancy and intent to take maternity leave, Plaintiff never received disciplinary action or a negative performance review.

17. In or around early September 2019, approximately one month before Plaintiff's due date, Defendant Fiorese asked Plaintiff about her post-birth plans and warned Plaintiff that she would not have job-protected leave.  Plaintiff responded that she planned to take off from work using nine days of unused Paid Time Off (PTO).  Plaintiff also requested an additional few days of unpaid leave to recuperate after the birth of her child; Defendant Fiorese denied this

request.  In fact, even with respect to Plaintiff's accrued PTO, Defendant Fiorese told Plaintiff, "**We have to revisit and see if you leaving would cause hardship to the building, and I can't guarantee that when you do come back, you will still have your position**."

18. On or about September 4, 2019, Plaintiff spoke with Defendant Harcharan regarding her maternity leave.  Defendant Harcharan confirmed that Plaintiff did not qualify for FMLA leave until November 2019.  Plaintiff informed Defendant Harcharan that she planned to use her accrued PTO beginning on the day she went into labor.

19. On or about October 11, 2019, Plaintiff gave birth to her daughter.  Plaintiff went out on leave from October 11, 2019 through October 23, 2019 using her accrued PTO.

20. On or about Thursday, October 24, 2019, Plaintiff returned to work.

21. Several days later, on or about Tuesday, October 29, 2019, Plaintiff was called into a meeting with Defendant Fiorese and the Director of Nursing Assisted Living, Judy Harney.  Without any notice, Plaintiff was handed a *final* written warning which alleged that Plaintiff failed to follow proper protocol for reporting a narcotic medical error – an allegation that was patently untrue.  As the Director of Memory Care, Plaintiff followed proper protocol as set forth in the Resident Care Manual with respect to counting errors for controlled substances.  **The final written warning was backdated to make it appear as though the discipline was presented to Plaintiff** *before her leave*.

22. **The final written warning was the** *first* **warning Plaintiff received during her employment, bypassing the company's progressive discipline policy.**  In an attempt to conceal his illegal conduct, Defendant Fiorese falsely claimed that Plaintiff had received a prior verbal warning on August 6, 2019; however, no such warning was administered.

4

23. On or about December 10, 2019, Plaintiff had an in-person meeting with Defendant Harcharan to discuss her FMLA benefits.  Plaintiff requested FMLA paperwork because she now qualified for FMLA leave to bond with her child.  **In response, Defendant Harcharan told Plaintiff that her FMLA request was "sketchy" and falsely claimed that Plaintiff would not qualify.**

24. Plaintiff notified Defendant Harcharan of her intent to take FMLA leave and properly submitted FMLA paperwork.  However, Defendants failed to follow the notice requirements under the FMLA; Defendants did not properly provide Plaintiff with an FMLA eligibility notice, a rights and responsibilities notice, or a designation notice, even after multiple attempts by Plaintiff to inquire about her FMLA eligibility status.

25. Instead, on or about December 23, 2019, Plaintiff was called into a meeting with Defendant Fiorese and Defendant Harcharan and abruptly terminated from her employment.  Defendant Fiorese claimed that Plaintiff was terminated for a patient incident and that a termination corrective action form was issued to her employee file.  However, Defendant Fiorese refused to provide Plaintiff with a copy of the alleged write-up or sufficient details regarding the alleged infraction.

26. Defendants terminated Plaintiff because of her pregnancy and in order to interfere with her ability to take FMLA qualified leave.

27. Defendants deliberately set Plaintiff up to be terminated.

28. Defendants terminated Plaintiff in order to interfere with, restrain, or deny the exercise of or the attempt to exercise her rights under the FMLA.

29. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

5

30. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

31. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against the Defendants.

### AS A FIRST CAUSE OF ACTION
### UNDER THE FAMILY AND MEDICAL LEAVE ACT
### <u>INTERFERENCE WITH EXERCISE OF RIGHTS</u>

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

33. Pursuant to 29 U.S.C. §2615(a)(1): "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

34. Defendants violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of Plaintiff's rights by, *inter alia*, terminating Plaintiff's employment because she applied for FMLA-qualifying leave.

35. Defendants failed to adhere to the employer notice requirements under the FMLA.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

**AS A SECOND CAUSE OF ACTION**
**UNDER THE LAD**
**DISCRIMINATION**

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

38. Pursuant to N.J.S.A. § 10:5-12, it is an unlawful employment practice for an employer "to refuse to hire or employ or to bar or to discharge . . . from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" on the basis of pregnancy.

39. Defendants engaged in unlawful employment practices by discriminating against Plaintiff because of her pregnancy, including terminating her employment.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

**AS A THIRD CAUSE OF ACTION**
**UNDER THE LAD**
**AIDING AND ABETTING**

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

42. Pursuant to N.J.S.A. § 10:5-12(e), "It shall be an unlawful employment practice…[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

43. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

44. Defendants violated all other applicable sections of N.J.S.A. § 10:5-12(e) et. seq.

45. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. A declaratory judgment that the employment practices of Defendants complained of herein violate the FMLA and the LAD;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of Defendants' unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation;

D. Awarding Plaintiff liquidated damages in an amount to be determined at trial;

E. Awarding Plaintiff punitive damages in an amount to be determined at trial;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

G. Awarding prejudgment interest on all amounts due;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:  December 21, 2021

SHNAYDER LAW LLC
*Attorneys for Plaintiff*

By:   */s/ Erica L. Shnayder*
Erica L. Shnayder, Esq.
89 Headquarters Plaza N., Suite 1421
Morristown, NJ 07960
(973) 714-1515
erica@eshnayderlaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated:  December 21, 2021

SHNAYDER LAW LLC
*Attorneys for Plaintiff*

By:   */s/ Erica L. Shnayder*
Erica L. Shnayder, Esq.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Erica L. Shnayder, Esq. as trial counsel in this action.

Dated:  December 21, 2021

SHNAYDER LAW LLC
*Attorneys for Plaintiff*

By:   */s/ Erica L. Shnayder*
Erica L. Shnayder, Esq.